UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:03-CR-15(2) |
| | § | |
| TONY BARNETTE NELSON | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On April 17, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Richard Moore. Defendant was represented by Craig Henry.

Tony Barnette Nelson was sentenced on February 5, 2004, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of conspiracy to possess with intent to distribute cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. Tony Barnette Nelson was subsequently sentenced to 46 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 special assessment. On September 19, 2006, Tony Barnette Nelson completed his period of imprisonment and began service of the supervision term.

On April 16, 2007, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Defendant shall not

illegally possess a controlled substance.  Specifically, the Government alleges as follows.  On or about February 15, 2007, Mr. Nelson was arrested by the Texarkana, Arkansas, Police Department and charged with disorderly conduct and possession of marijuana.  It is alleged that Mr. Nelson was fighting Ray Howard outside or near "The Junction" in Texarkana, Arkansas.  While Mr. Nelson was being booked into the jail officers found a small tissue with marijuana inside that fell out of Mr. Nelson's pant leg.  On April 5, 2007, Mr. Nelson entered a plea of nolo contendere to both charges, was found guilty, the charges were then filed civilly and he was fined $1,000.

2) Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the Government alleges as follows. On January 19, 2007, Mr. Nelson submitted a urine specimen that tested positive for the use of marijuana.  On February 20, 2007, Mr. Nelson submitted a urine specimen that tested positive for the use of marijuana.  On March 2, 2007, Mr. Nelson submitted a urine specimen that tested positive for the use of marijuana.  On March 12, 2007, Mr. Nelson submitted a urine specimen that tested positive for the use of marijuana.

3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.  Specifically, the Government alleges as follows. Mr. Nelson failed to participate in substance abuse testing by providing the U.S. Probation Office urine specimens that were not consistent with normal human urine according to Kroll Laboratories on January 5, 2007, and March 16, 2007.

4) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.  Specifically, the Government alleges as follows. On January 19, 2007, Mr. Nelson admitted to frequenting "The Junction" on several occasions prior to January 1, 2007,

a place that he knew to have individuals using or distributing drugs, such as marijuana, hanging around either inside or outside. Mr. Nelson again frequented "The Junction" as evidenced by his arrest out in front of the establishment on or about February 15, 2007.

5) Defendant shall follow the instruction of the probation officer. Specifically, the Government alleges as follows. On January 19, 2007, Mr. Nelson was instructed to not frequent "The Junction" or other places that he knew to have individuals who were using or selling drugs. Mr. Nelson did not adhere to this instruction as evidenced by his arrest in front of the establishment on or about February 15, 2007.

6) Defendant shall pay a $100 special assessment. Specifically, the Government alleges as follows. On September 22, 2006, and December 5, 2006, Mr. Nelson was instructed to pay the $100 special assessment. As of this writing, no payments have been made.

The Court scheduled a revocation hearing April 17, 2007. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition. The Court further recommended that the term of supervised release be revoked.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months. The Court further recommended as follows. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two (2) years. While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance, and shall refrain from

any unlawful use of a controlled substance. The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. The defendant shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions: (1) The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment and to monitor his sources of income; (2) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The Court further recommended that it be ordered that all criminal monetary penalties are imposed in this revocation as previously ordered in the final judgment and that all payments collected will be credited towards outstanding balances. Finally, the undersigned recommends that the Court request any facility other than the facility in Big Spring, Texas for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**.  Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months. It is further

**RECOMMENDED** that upon release from imprisonment, the defendant shall be placed on

supervised release for a term of two (2) years with the conditions outlined above.  It is further

**RECOMMENDED** that it be ordered that all criminal monetary penalties are imposed in this revocation as previously ordered in the final judgment and that all payments collected will be credited towards outstanding balances.  It is further

**RECOMMENDED** that the Court request any facility other than the facility in Big Spring, Texas for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above.  Both parties waived their objections.

**SIGNED this 18th day of April, 2007.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE