# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:03-CR-15(2) |
| | § | |
| TONY BARNETTE NELSON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On October 28, 2008, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by Craig Henry.

Tony Barnette Nelson was sentenced on February 5, 2004, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of conspiracy to possess with intent to distribute cocaine in violation of Title 21 U.S.C. § 846, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. Tony Barnette Nelson was subsequently sentenced to 46 months imprisonment to be followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare and a $100 special assessment. On September 19, 2006, Tony Barnette Nelson completed his period of imprisonment and began service of the supervision term.

On April 17, 2007, the original term of supervised release was revoked and the defendant was sentenced to five (5) months imprisonment to be followed by a two (2) year term of supervised release. On September 14, 2007, Mr. Nelson completed his period of imprisonment and began

service of his subsequent supervision term.

In its petition to revoke, the Government alleges the defendant violated the following conditions:

Defendant shall refrain from any unlawful use of a controlled substance. Specifically, the Government alleges as follows. On July 3, 2008, October 3, 2008, and October 27, 2008, Mr. Nelson submitted urine specimens that tested positive for the use of marijuana. Mr. Nelson admitted to said use on each occasion. On August 1, 2008, Mr. Nelson submitted a urine specimen that tested positive for the use of marijuana. On August 18, 2008, confirmation of said use was received from Kroll Laboratories.

The Court scheduled a revocation hearing October 28, 2008. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above. Based upon the defendant's plea of true to the allegations and with no objection by the defendant or the Government, the Court found the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that the defendant, Tony Barnette Nelson, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six months with no term of supervised release to follow said term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that the defendant, Tony Barnette Nelson, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six months with no term of supervised release to follow said term of imprisonment. It is further

**REQUESTED** that the Bureau of Prisons designate the Federal Correctional Institute in Texarkana, Texas or the Federal Correctional Institute in Forrest City, Arkansas for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 28th day of October, 2008.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE